# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PATRICIA BALDWIN, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   1:17-cv-06935 |
| BORROWERSFIRST, INC. and DEVILLE ASSET MANAGEMENT, LTD., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, PATRICIA BALDWIN ("Plaintiff") by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, BORROWERSFIRST, INC. ("BFI") and DEVILLE ASSET MANAGEMENT, LTD. ("DeVille") ("collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking actual, statutory, punitive damages, attorney's fees and costs for DeVille's violations of the violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq, and BFI's violations of the bankruptcy discharge injunction pursuant to 11 U.S.C. §524.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and DeVille's conduct harmed Plaintiff in this District.

### PARTIES

4.   Plaintiff, Patricia Baldwin, is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Northern District of Illinois.

5.   Defendant BFI is a Delaware corporation with its principal place of business located at 1114 Lost Creek Boulevard, #220, Austin, Texas 78746 and its registered agent in Illinois is Incorp Services Inc. located at 901 South 2nd Street, #201, Springfield, Illinois 62704. Defendant transacts business in Illinois and is a creditor, debt collector, and furnisher of credit information.

6.   Defendant DeVille is a Texas corporation with its principal place of business located at 1132 Glade Road, Colleyville, Texas 76034. Defendant transacts business in Illinois and is a creditor, debt collector, and furnisher of credit information.

7.   DeVille qualifies as a "debt collector" as defined by § 1692a(6) because it regularly collects debts and uses the mails and/or the telephones to collect delinquent consumer accounts.

8.   DeVille qualifies as a "debt collector" as defined by 15 U.S.C. §1692a(6) because it treated the debt, which is the subject of this complaint, as in default when it acquired rights to the debt.

9.   DeVille qualifies as a "debt collector" because the principal purpose of its business is to collect debts, and because it regularly collects or attempts to collect debts owed to another party.

### DEVILLE'S INACCURATE AND NEGATIVE REPORTING ON PLAINTIFF'S CREDIT REPORT

10. Since 2015, Plaintiff has been a customer of BFI and incurred debt ("subject debt") as a result.

11. Plaintiff subsequently defaulted on the subject debt.

2

12. On February 28, 2017, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, and Case Number 17-05907 ("bankruptcy"). *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

13. The subject debt was duly scheduled in Plaintiff's bankruptcy petition. *See* Exhibit B, a true and correct copy of Schedule F of Plaintiff's bankruptcy petition.

14. On March 2, 2017, BFI sent Plaintiff a notice advising Plaintiff that the subject debt had been sold to DeVille and that DeVille will be collecting all future payments towards the subject debt. *See* Exhibit C, a true and correct copy the letter BFI sent to Plaintiff.

15. On or about March 3, 2017, the Bankruptcy Noticing Center ("BNC") mailed a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines to all creditors listed on the bankruptcy petition and schedules, including BFI. *See* Exhibit D, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines upon BFI.

16. On June 6, 2017, Plaintiff received a discharge of all dischargeable debts pursuant to 11 U.S.C. §727, including the subject debt. *See* Exhibit E, a true and correct copy of the Discharge Order and the BNC Certificate of Notice of Discharge served upon BFI.

17. Upon receiving her bankruptcy discharge, Plaintiff accessed her credit report on June 7, 2017 to ensure that all creditors listed and noticed in the bankruptcy were properly reporting true and accurate information.

18. Plaintiff was shocked to learn that BFI reported the subject debt as 90 days late and with a balance due of $10,086.

19. Plaintiff was disturbed upon learning that BFI reported such derogatory information given that the subject debt was discharged.

3

20. Plaintiff had previously been advised by BFI that the "unpaid principal balance [subject debt] which was outstanding on the date we sold your account to DeVille Asset Management, Limited is: $9,480.13." *See* Exhibit C.

21. BFI's attempt to collect the subject debt by reporting on her credit report left Plaintiff feeling as though the purpose of her bankruptcy was frustrated since the $10,086 balance (the amount listed in the bankruptcy filing) claimed to be owed on Plaintiff's credit report was greater than the $9,480.13 balance BFI claimed to be owed on the subject debt at the time DeVille acquired the subject debt. Plaintiff was upset to learn that BFI continued to add to the balance of the subject debt after it was sold to DeVille. *See* Exhibit B.

22. Plaintiff also learned that DeVille is reporting the subject debt as charged off and in collections with a balance of $9,480, nearly identical to the $9,480.13 amount claimed to be owed in BFI's March 2, 2017 letter to Plaintiff. *See* Exhibit C.

23. On June 14, 2017, DeVille sent a Plaintiff a dunning letter referencing the subject debt and further stating:

> "DeVille Asset Management, LTD. will accept your payoff on the above referenced account. Your payoff amount will be a 1 minute time payment of $8,000. Payment must be received no later than 08/25/2017 to pay payment agreement amount in full."

> *See* Exhibit F, a true and correct copy of the dunning letter DeVille sent to Plaintiff.

24. Confused by DeVille's representations, Plaintiff was made to believe that she still owed the discharged debt.

25. After learning of the information on her credit report on June 7, 2017, Plaintiff immediately contacted DeVille to inquire as to the reason for the erroneous reporting and spoke with a representative named "Anita Thomas" who reiterated DeVille's claims that Plaintiff owed the

4

subject debt in the amount of $9,480 and further attempted to discuss settlement options with Plaintiff.

26. Plaintiff did not receive any letter from DeVille advising her of her right to dispute the subject debt. Upon information and belief, DeVille failed to send to Plaintiff the required 30-day validation notice within 5 days of its initial communication with Plaintiff as required by 15 U.S.C. §1692g. [1]

27. DeVille's false and harmful reporting has had an adverse effect on Plaintiff's credit report since at least June 2017.

28. Concerned about the negative impact to her credit and the violations of her rights and protections afforded by the FDCPA and the Bankruptcy Code, Plaintiff sought the assistance of counsel to ensure that Defendants' collection efforts and erroneous credit reporting cease.

29. Plaintiff has expended time and expenses consulting with her attorneys as a result of Defendants' deceptive collection actions.

30. Plaintiff was unduly inconvenienced by Defendants' unlawful, unfair, and deceptive attempts to collect a debt that was no longer owed by virtue of the discharge injunction.

---

[1] Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing 1.) the amount of the debt, 2.) the name of the creditor to whom the debt is owed, 3.) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, 4.) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and 5.) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (PLAINTIFF AGAINST DEVILLE)

31.    Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32.    Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33.    DeVille qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

34.    DeVille violated 15 U.S.C. §§1692 e(2), e(8), e(10), f, f(1), g, g(a)(3), and g(a)(4) through its debt collection efforts on a debt that was not owed by Plaintiff.

**a.  Violation of  FDCPA §1692e**

35.    DeVille violated §1692e(2) by falsely representing or attempting to confuse Plaintiff that the debt was owed when in fact it was not owed by virtue of the discharge injunction.

36.    DeVille violated §1692e(8) by communicating false credit information regarding the subject debt, listing the subject debt as charged off, in collections, and listing a balance in the amount of $9,480.

37.    DeVille violated §1692e(10) by engaging in deceptive conduct as the debt was not collectible or owed at the time the false credit information was reported by DeVille.

**b.  Violation of FDCPA §1692f**

38.    DeVille violated §1692f by employing unfair and unconscionable means to collect a debt Plaintiff did not owe at the time DeVille reported the false information on Plaintiff's credit report.

39.    DeVille violated §1692f(1) by attempting to collect a debt that was uncollectible and not owed as a matter of law as the discharge injunction precludes collection of any discharged debt. Specifically, Plaintiff did not have any legal obligation to pay the pre-petition subject debt that DeVille mischaracterized as in collections on Plaintiff's credit report.

**c. Violation of FDCPA §1692g**

40. DeVille violated §1692g by failing to send Plaintiff the required 30-day validation notice within 5 days of its initial communication with Plaintiff. DeVille's initial communication by failed to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, DeVille demanded payment of the subject debt from Plaintiff through its initial communication.

41. DeVille violated §1692g(a)(3) by failing to state that Plaintiff has a right to dispute the subject debt within 30 days.

42. DeVille violated §1692g(a)(4) by failing to send Plaintiff a validation notice informing her of her right to have verification and judgment mailed to Plaintiff.

43. DeVille attempted to coerce and induce Plaintiff into paying a debt that was not legally collectible or owed.

44. As an experienced creditor and debt collector, DeVille knew or should have known the ramifications of collecting on a debt that was not owed.

45. DeVille knew or should have known that the debt was not owed.

WHEREFORE, Plaintiff PATRICIA BALDWIN requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT
### (PLAINTIFF AGAINST DEVILLE)

46.    Plaintiff restates and realleges paragraphs 1 through 30 as through fully set forth herein.

47.    Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

48.    Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1(e).

**a. Unfairness**

49.    DeVille was engaged in "commerce" in the State of Illinois with regard to Plaintiff and the subject debt as defined by ICFA, 815 ILCS 505/1(f). DeVille specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

50.    DeVille's credit reporting regarding the alleged debt, which was not owed by Plaintiff, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time DeVille reported the inaccurate information on Plaintiff's credit report.

51.    It was unfair for DeVille to seek to collect a debt that Plaintiff did not owe through misleading, inaccurate, and negative reporting on Plaintiff's credit report.

52.    DeVille's reporting of a debt that Plaintiff did not owe is an unfair attempt to induce Plaintiff to pay the debt rather than going through the process of disputing the debt and contesting the inaccurate credit reporting. During this process, Plaintiff's credit report would continue to be inaccurate, painting an unfavorable picture of Plaintiff's creditworthiness to potential creditors.

53.    It was unfair for DeVille to mislead Plaintiff into believing that she must pay a sum of $9,480 to satisfy a debt she did not owe.

54.    DeVille intended that Plaintiff rely on its unfair acts.

55. Plaintiff relied upon DeVille's false and misleading information by seeking clarification from DeVille as to the validity of the debt.

56. Plaintiff also relied upon DeVille's false and misleading information, forcing her to spend time contacting DeVille regarding the subject debt and consulting with her attorneys regarding DeVille's blunder.

57. An award of punitive damages is appropriate because DeVille's conduct described above was outrageous, willful and wanton, showed a reckless disregard for Plaintiff's rights and the rights of consumers, generally.

WHEREFORE, Plaintiff PATRICIA BALDWIN requests that this Honorable Court:

a. Enter judgment in her favor and against DeVille;
b. Award Plaintiff damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

## COUNT III – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT
### (PLAINTIFF AGAINST BFI)

58. Plaintiff restates and realleges paragraphs 1 through 30 as through fully set forth herein.

59. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

60. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1(e).

**a. Unfairness**

61. BFI was engaged in "commerce" in the State of Illinois with regard to Plaintiff and the subject debt as defined by ICFA, 815 ILCS 505/1(f). BFI specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

62. BFI's credit reporting regarding the alleged debt, which was not owed by Plaintiff, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time BFI reported the inaccurate information on Plaintiff's credit report.

63. It was unfair for BFI to seek to collect a debt that Plaintiff did not owe through misleading, inaccurate, and negative reporting on Plaintiff's credit report.

64. BFI's reporting of a debt that Plaintiff did not owe is an unfair attempt to induce Plaintiff to pay the debt rather than going through the process of disputing the debt and contesting the inaccurate credit reporting. During this process, Plaintiff's credit report would continue to be inaccurate, painting an unfavorable picture of Plaintiff's creditworthiness to potential creditors.

65. It was unfair for BFI to mislead Plaintiff into believing that she must pay a sum of $10,086 to satisfy a debt she did not owe.

66. BFI intended that Plaintiff rely on its unfair acts.

67. Plaintiff relied upon BFI's false and misleading information, who reported the false information regarding the subject debt with knowledge of Plaintiff's bankruptcy filing and subsequent discharge.

68. Plaintiff also relied upon BFI's false and misleading information, forcing her to spend time consulting with her attorneys regarding BFI's unlawful acts.

69. An award of punitive damages is appropriate because BFI's conduct described above was outrageous, willful and wanton, showed a reckless disregard for Plaintiff's rights and the rights of consumers, generally.

WHEREFORE, Plaintiff PATRICIA BALDWIN requests that this Honorable Court:

**a.** Enter judgment in her favor and against BFI;
**b.** Award Plaintiff damages in an amount to be determined at trial;
**c.** Award Plaintiff punitive damages in an amount to be determined at trial;
**d.** Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
**e.** Award any other relief this Honorable Court deems equitable and just.

## COUNT IV – VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION
## (PLAINTIFF AGAINST BFI)

70.    Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

### a.  Section 11 U.S.C. §524(a)(2)

71. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

72.  "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge."  *Cox v. Zale Delaware, Inc*., 239 F.3d 910, 915 (7th Cir. 2001).

73. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr.N.D.Ill.1998).  Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy discharge.  *Id*.

### b.  BFI's Conduct was perpetual, wanton and willful

74. BFI had knowledge of the bankruptcy filing and discharge through notices from the BNC and the public record.

75. BFI violated the bankruptcy discharge by willfully attempting to collect on the subject debt with actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

11

76. BFI violated the discharge injunction by reporting negative and false information regarding the subject debt on Plaintiff's credit report in an attempt to collect the discharged subject debt.

77. BFI should have implemented procedures and trained its employees to both discourage and prevent willful and wanton violations of the bankruptcy code.

78. BFI's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the bankruptcy code.

79. Based on the broad language of the bankruptcy code, BFI negligently and willfully sought to collect the discharged subject debt from Plaintiff in violation of the bankruptcy discharge, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff PATRICIA BALDWIN requests that this Honorable Court:

**a.** Hold BFI in civil contempt of the bankruptcy discharge pursuant to 11 U.S.C. §§ 524 and 105;
**b.** Order BFI to pay Plaintiff for her actual damages in an amount to be determined by the court as a result of the civil contempt of the bankruptcy discharge pursuant to 11 U.S.C. §§ 524 and 105);
**c.** Order BFI to pay punitive damages in an amount to be determined by the court for the civil contempt of the bankruptcy discharge pursuant to 11 U.S.C. §§ 524 and 105;
**d.** Order BFI to pay Plaintiff her reasonable legal fees and expenses for violations of the bankruptcy discharge pursuant to 11 U.S.C. §§ 524 and 105; and
**e.** Provide such other and further relief as the Court may deem just and proper.

**Plaintiff demands trial by jury.**


**Dated:** September 26, 2017                    **Respectfully Submitted,**

/s/ Marwan R. Daher                              /s/ Omar T. Sulaiman
Marwan R. Daher, Esq. ARDC#6325465               Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*                          *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                          Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200            2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
Telephone: (630) 575-8181 ext. 109               Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com                           osulaiman@sulaimanlaw.com